UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JULIA CHAMBERS | ) |
| | ) JURY TRIAL DEMANDED |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| EVERCOMMERCE, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff JULIA CHAMBERS ("Plaintiff"), through undersigned counsel, and files this complaint for damages against EVERCOMMERCE, INC. ("Defendant"), and for his Complaint shows the following:

### I.     Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's violation of the Family Medical Leave Act ("FMLA"), and the Tennessee Disability Act.

1

<u>Jurisdiction and Venue</u>

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant does business in and is engaged in commerce in the State of Tennessee. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## II. **Parties and Facts**

5.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

6.

At all times relevant Defendant was qualified and licensed to do business in Tennessee and at all times material hereto has conducted business within this District.

7.

Defendant may be served with process at the following address: 3601 Walnut St, Ste 400 Denver, CO 80205.

8.

Plaintiff became employed with the Defendant on or around December 22, 2020, as a RCM Account Manager.

9.

In or around February 2023, Plaintiff informed the Defendant that she was pregnant and intended on taking leave in or around November 2023.

2

10.

Plaintiff's pregnancy was high risk, so it was important for her to continuously see her medical provider to ensure the progression of her pregnancy ran smoothly.

11.

Throughout the next few months, as Plaintiff's pregnancy progressed, she realized the negative impacts her job had on the pregnancy.

12.

For example, clients who were owners of the accounts she managed demanded unreasonable expectations regarding deadlines. They also wanted a strict timeline for when Plaintiff would be out on maternity leave, which due to her being high risk, there was still much uncertainty.

13.

Plaintiff presented her concerns to her direct supervisor, Brittany Devine – Revenue Cycle Manager, and Tiffany Wells, Director, regarding the hostile environment she had regarding clients she managed.

14.

At the same time, Plaintiff experienced inappropriate remarks from Ms. Devine and Ms. Wells. Specifically, they faulted her for getting pregnant, and made her feel as though she was a nuisance and held up the Defendant's operations.

15.

On one occasion, they told her, "We wouldn't be in this crunch time if you would stop having babies." Plaintiff felt very offended by this comment as well as several text messages sent devaluing her pregnancy.

16.

In late-September 2023, Plaintiff complained to Santiago, People Opps Business Manager, about the comments that had been made regarding her pregnancy.

17.

Furthermore, because of the stress that had been caused due to the hostile environment, Plaintiff inquired as to whether there were any reasonable accommodations that could be put in place through the birth of her child to avoid additional stress on the baby. Plaintiff never heard back.

18.

In early October 2023, Plaintiff once again notified Ms. Devine and Ms. Wells that due to her gestational diabetes diagnosis, there was a possibility that she may give birth earlier than expected.

19.

Unfortunately, throughout this time, Defendant used the terms short term disability and FMLA leave interchangeably. This meant that Plaintiff was not aware of the federal protections she had under the FMLA which protected her for at least 12 weeks.

20.

On October 29, 2023, Plaintiff gave birth, several days before her scheduled due date.

21.

On November 2, 2023, Plaintiff notified Defendant that she had given birth and would need to begin her leave immediately.

22.

Less than two hours later, she was contacted by the Defendant informing her that her employment had been terminated.

23.

More specifically, the Defendant claimed that she was being let go due to a reduction in force.

24.

However, just 16 hours later, the same position in which Plaintiff worked that the Defendant claimed to have been eliminated was posted as an open position under job search results.

## COUNTS I & II
## (FMLA INTERFERENCE AND RETALIATION)

25.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

26.

Defendant is and, at all times relevant, has been an 'employer' as defined by the FMLA.

27.

Plaintiff was an eligible employee under the FMLA.

28.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, entitling her to all appropriate relief under the statute.

29.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

30.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

5

31.

Defendant terminated Plaintiff because of her need for FMLA leave and/or due FMLA protected work absences. Any reason given for Plaintiff's termination is pretext for unlawful FMLA interference and/or retaliation.

32.

Defendant terminated Plaintiff in retaliation for her exercise of rights protected by the FMLA. In so doing, Defendant violated the FMLA.

33.

As a result of her termination, Plaintiff has suffered lost wages and other damages for which he is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is entitled to liquidated damages.

34.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

## COUNT III
## DISABILITY DISCRIMINATION IN VIOLATION OF THE TENNESSEE DISABILITY ACT

35.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

36.

Defendant is and, at all times relevant, has been an "employer" as defined by the TDA.

37.

Plaintiff was, at all relevant times, an individual with a disability as defined under the TDA.

6

38.

Plaintiff was, at all relevant times, "qualified" to perform her job with Defendant.

39.

Defendant knew, at all relevant times, that Plaintiff had a disability and a record of a disability as defined by the TDA.

40.

Defendant perceived Plaintiff, at all relevant times, as a person with a disability.

41.

Defendant knew Plaintiff needed an accommodation in regard to her pregnancy.

42.

Plaintiff requested a reasonable accommodation for FMLA leave due to her disability. Plaintiff also inquired about other accommodations available until she went out on leave.

43.

Nevertheless, Defendant discriminated against Plaintiff due to her disability, actual or perceived, and her record of disability.

44.

Defendant refused to engage in good faith dialogue to accommodate Plaintiff.

45.

Defendant failed to allow Plaintiff to exercise her reasonable accommodation.

46.

Defendant terminated Plaintiff because of her disability, actual or perceived, and/or her record of disability.

47.

Defendant would not have taken these actions if Plaintiff had not had a disability.

48.

Defendant's actions violate the TDA.

49.

As a result of Defendant's unlawful actions, Plaintiff has suffered damages, including lost wages, non-monetary damages, and attorneys' fees.

## COUNT IV
## DISABILITY RETALIATION IN VIOLATION OF THE TENNESSEE DISABILITY ACT

50.

Plaintiff incorporates by reference the preceding paragraphs.

51.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the TDA, entitling Plaintiff to all appropriate relief under the statute.

52.

Defendant terminated Plaintiff because of her request for medically necessary accommodation to treat her disability.

53.

Any reason given for Plaintiff's termination is pretext for unlawful disability discrimination and/or retaliation.

54.

Defendant terminated Plaintiff in retaliation of her exercise of rights protected by the TDA. In doing so, Defendant violated the TDA.

8

55.

As a result of her termination, Plaintiff has suffered lost wages and other damages for which she is entitled to recover.

56.

Defendant acted with malice and in reckless indifference to Plaintiff's federally and state protected rights. Plaintiff is therefore entitled to punitive damages.

57.

Plaintiff suffered discrimination because of her disability when Defendant terminated her employment.

58.

Plaintiff was treated less favorably than other similarly situated employees due to her disability.

59.

Defendant took an adverse employment action against Plaintiff because of her disability.

60.

Defendant's discriminatory, retaliatory acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

61.

As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation.

62.

Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

63.

Plaintiff is entitled to recover her attorneys' fees and costs pursuant to these Acts.

**WHEREFORE**, Plaintiff judgment as follows:

(a)  General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)  Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condemnation and approval of said acts;

(c)  Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)  Reasonable attorney's fees and expenses of litigation;

(e)  Trial by jury as to all issues;

(f)  Prejudgment interest at the rate allowed by law;

(g)  Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)  Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant, from further unlawful conduct of the type described herein; and

(i)  All other relief to which he may be entitled.

Respectfully submitted the 9th day of January, 2024.

*/s/ Burke Keaty*
R. Burke Keaty, II, BPR#027342
**MORGAN & MORGAN – NASHVILLE, PLLC**
810 Broadway, Suite 105
Nashville, TN 37203
(615) 514-4205
bkeaty@forthepeople.com
*Attorney for Plaintiff*

10